UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF TENNESSEE
                           AT GREENEVILLE

UNITED STATES OF AMERICA        )
                                )
        v.                      )       2:07-CR- 88
                                )       JUDGE GREER
LEE ALMANY                      )


                               ORDER

This matter is before the Court on "Defendant Almany's Motion To Disqualify The Magistrate-Judge And District Court" filed on December 24, 2007 [Doc. 123]. By his motion, defendant Almany seeks disqualification of Magistrate Judge Dennis H. Inman[1] and the undersigned district judge from participation in this case. As initially filed, the defendant's motion was premised upon an allegation that this Court had participated in other cases in this Court through which the Court had gained personal knowledge of certain factual issues in this case.[2]

Attached to the motion was a declaration of the defendant which clearly had nothing to do with the issues raised in the motion. [Doc. 123-2]. Defendant,

---

[1] After the initial filing, an order was entered by United States Magistrate Judge Dennis H. Inman denying the motion to disqualify the Magistrate Judge; however, after the filing of the appropriate affidavit, the Magistrate Judge reconsidered his decision not to disqualify himself and granted the defendant's motion for reasons set forth in his order (see Doc. 131).

[2] The other cases referred to by the defendant apparently include both cases over which the undersigned has presided, but which did not charge Almany as a defendant, as well as two prior criminal cases in this Court charging Almany with cocaine trafficking, one presided over by United States District Judge Thomas G. Hull and the other presided over by United States District Judge R. Leon Jordon.

through counsel, moved to correct his CM-ECF filing of the defendant's declaration, [Doc. 126], but once again filed the same declaration which had been previously, and apparently erroneously, filed [Doc. 129]. Finally, on December 28, 2007, the correct declaration of the defendant was filed.

The declaration filed by the defendant in this case makes the conclusory allegation that "[t]he Magistrate-Judge and District Judge that is [sic] assigned to hear motions and try my case have a personal bias and prejudice against me and in favor of the Government." [Doc. 129-2, ¶ 7]. The affidavit also states that "[p]resumptively, District Judge Greer has 'personal knowledge' from his attorney-client relationship" with a client which the undersigned represented while in private practice and which, according to the defendant, is somehow related to one of his prior prosecutions in this Court. *Id.*, ¶ 9(2). The affidavit further raises an allegation that the undersigned district judge has presided over other trials and received information concerning the defendant's alleged conduct filed under seal in those cases. *Id.*, ¶ 9(4).

Neither the allegation of judicially acquired knowledge about the case and the defendant, the undersigned's prior representation of a criminal defendant in a case apparently unrelated to this, nor the defendant's conclusory allegation of personal bias against him provide any basis for the undersigned's disqualification in this case. More troubling, however, are the defendant's claims that the undersigned

2

"harbors a bias against [his] counsel of choice, Herbert S. Moncier, that "District Judge Greer acted as the prosecutor of [Almany's] counsel of choice, Herbert S. Moncier, in *United States v. Herbert S. Moncier*, 2:07-CR-40", and that "District Judge Greer has pending charges against Mr. Moncier filed with the Tennessee Board of Professional Responsibility that remain confidential." [Doc. 129-2, ¶ ¶ 9 (6), (7) and (9)][3] While none of these factors might technically require this Court's disqualification, the Court is nevertheless mindful of the need to avoid even the appearance of any impropriety and the need to maintain public confidence in the impartiality of those who administer the criminal justice system. For these reasons, and pursuant to 28 U.S.C. § 455(a), the undersigned hereby disqualifies himself from participation in this case.

  ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE

---

[3] While the statements contained in defendant's affidavit are factually incorrect in that this Court did not act as prosecutor in *United States v. Herbert S. Moncier*, that fact is relatively insignificant. This Court did preside over Mr. Moncier's prosecution for criminal contempt in case No. 2:07-CR-40 and his conviction in that case is currently on appeal to the United States Court of Appeals for the Sixth Circuit. Additionally, while this Court did not prefer "charges" against Mr. Moncier with the Tennessee Board of Professional Responsibility, the Court has provided information to the Board concerning Mr. Moncier's conduct in this Court.